UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CURTIS RAY WEAMS, JR.** | * | **CIVIL ACTION NO. 3:17-cv-00004** |
| | * | |
| Plaintiff, | * | |
| | * | **JUDGE SHELLY D. DICK** |
| VERSUS | * | |
| | * | |
| **FCA US L.L.C.** | * | **MAG. JUDGE RICHARD L. BOURGEOIS** |
| | * | |
| Defendant. | * | |
| | * | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE
THE OPINION TESTIMONY OF WILLIAM J. VIGILANTE, JR.**

FCA US LLC ("FCA US") submits this Reply Memorandum in Support of its Motion to Exclude the Opinion Testimony of Dr. William J. Vigilante. FCA US has moved to exclude the opinion testimony of Dr. William J. Vigilante ("Vigilante") based on his lack of qualifications, lack of a reliable methodology, and for his failure to identify a plausible alternative warning as required by the Louisiana Products Liability Act ("LPLA"). Plaintiff's inadequate warning claim is also preempted by federal law, which plaintiff has not disputed.

**I.   Vigilante's Opinions are Not Based on a Reliable Methodology.**

Plaintiff claims that Dr. Vigilante's methodology is reliable, arguing that his review of some subset of the manufacturer's literature, his evaluation of the facts and his "research to determine the applicability of industry standards and legal requirements imposed on manufacturers with respect to automotive warnings" should suffice to defeat this challenge. This assertion is disingenuous, at best.

Although not fully understood by Vigilante when he authored the opinions set out in his first report, the federal government closely regulates airbag warnings. Therefore, any evaluation

1

of any airbag warning must begin with the applicable federal provisions. Likely due to his lack of familiarity with the relevant subject matter, Vigilante cafndidly admits that the did not even bother to read the entirety of the applicable federal regulation before offering his opinions as stated in his first report.

While Vigilante cites several sources, none of them support his opinions, and he has no basis to conclude that FCA US had a duty to warn Plaintiff of the potential for inadvertent airbag deployment. This is not an issue of credibility, as Plaintiff alleges; rather, the issue here necessarily turns on Vigilante's failure to review – or even to make himself sufficiently aware of – directly applicable federal law. Because Vigilante's opinions were formed without consideration of applicable federal law, his methodology is deficient, rendering his work in this case both suspect and unreliable.

**II.     Vigilante's Addendum is Also Unreliable.**

When confronted with the unassailable fact that the opinions set out in his first report violate federal law, Vigilante scrambled to generate an addendum. Vigilante's untimely report posits that FCA US should have placed a warning label "anywhere" in the Vehicle.

But an inadequate warning claim under the LPLA must be reasonably specific and not based on mere speculation.[1] According to Vigilante, the warning could apparently be placed in a whole host of locations, none specified by Vilgilante. He simply refused to commit to any specific location. Plaintiff's opposition does not address this issue at all. Instead, Plaintiff asserts that Vigilante "simply clarified a limited and specific issue contained in his report." As with all of his opinions, however, Vigilante has not tested the placement of the proposed warning "anywhere" in

---

[1] *Gray v. Indus. Plant Maint.*, No. Civ. A. 01-1167, 2004 WL 1661209, at *5 (E.D. La. July 23, 2004).

2

the Vehicle. This second opinion should be struck as untimely. If even considered, it should be struck for its lack of specificity, which fails to satisfy the requirements of the LPLA.

Vigilante's only timely opinion violates federal law. Both Plaintiff and Vigilante admit this pivotal point. His untimely opinions are vague and speculative, so they will be of no assistance to the jury. The witness should be struck.

                                                         Respectfully submitted,

                                                         */s/ Gary G. Hebert*
                                                         GARY G. HEBERT (19446)
                                                         CAMILLE R. BRYANT (35063)
                                                         MARSHALL T. COX (36423)
                                                         McGlinchey Stafford, PLLC
                                                         601 Poydras Street, 12th Floor
                                                         New Orleans, Louisiana 70130
                                                         Telephone (504) 586-1200
                                                         Facsimile (504) 596-2800
                                                         **ATTORNEYS FOR FCA US LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which shall send notification of such filing to all attorneys of record.

                                                         */s/ Gary G. Hebert*
                                                         GARY G. HEBERT